UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., DENISE MARY PRITCHARD, <br><br>  Plaintiff, <br><br> v. <br><br> ROCKWELL COLLINS SIMULATION AND TRAINING SOLUTIONS, LLC, <br><br>  Defendant. | Case No.: 5:14-CV-01452-MHH |

## MEMORANDUM OPININION AND ORDER

This is a False Claims Act case. Pursuant to Federal Rule of Civil Procedure 15, relator Denise Mary Pritchard has asked the Court for leave to file a second amended complaint. (Doc. 63). For the reasons stated below, the Court grants Ms. Pritchard's motion.

**I.   PROCEDURAL BACKGROUND**

In her first amended complaint, relator Denise Mary Pritchard alleged that the defendant, Rockwell Collins Simulation and Training Solutions LLC (RCSTS), engaged in a series of fraudulent schemes that caused the United States government to award production contracts to RCSTS that the government

otherwise would have awarded to one or more eligible small businesses. (*See generally* Doc. 30). During a telephone conference held on March 29, 2016, the Court dismissed Ms. Pritchard's first amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Doc. 53). The Court invited the parties to submit arguments regarding whether the dismissal should be with or without prejudice. (Doc. 53).

Ms. Pritchard now asks the Court for leave to file a second amended complaint. (Doc. 63). Ms. Pritchard contends that her proposed second amended complaint cures the pleading deficiencies of her first amended complaint. (Doc. 63). RCSTS argues that Ms. Pritchard's proposed second amended complaint still fails to state a plausible claim for fraud with the particularity required by Federal Rule of Civil Procedure 9(b). (Doc. 65, p. 7).

## II. DISCUSSION

In addition to satisfying the plausibility standard of Federal Rule of Civil Procedure 8(a)(2), a plaintiff asserting a claim under the False Claims Act (FCA) must "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *see Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). The purpose of this heightened pleading requirement is, as RCSTS explains, "to inform a defendant as to the precise misconduct charged, so the defendant has a fair opportunity to mount a defense." (Doc. 65, p. 7) (citing *United States ex rel.*

*Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006)); *see also Zarrella v. Pac. Life Ins. Co.*, 809 F. Supp. 2d 1357, 1366 (S.D. Fla. 2011) (explaining that Rule 9(b) exists, in part, "to give the defendant fair notice of the claims brought against it"). A plaintiff may satisfy Rule 9(b) by alleging "date, time or place[,] but alternative means are also available to satisfy the rule." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988).

In her proposed second amended complaint, Ms. Pritchard identifies seven contracts that the government awarded to RCSTS between 2006 and 2010 for research and development related to Transportable Blackhawk Operations Simulators (TBOS). (Doc. 63-1, pp. 6–8). Ms. Pritchard alleges that "the purpose of the TBOS R&D contracts was to provide the [government] with everything needed, including software and technical data, to acquire production units through a competitive bid process." (Doc. 63-1, ¶ 9). Despite the understanding within the government and RCSTS that "everything about TBOS intellectual property was to be non-proprietary," Ms. Pritchard alleges that RCSTS included proprietary software on the TBOS prototypes that the company provided the government under the contracts. (Doc. 63-1, ¶¶ 12, 20–31). According to Ms. Pritchard, RCSTS directed one of its managers "not to disclose" the presence of the proprietary software, "even if asked by government employees." (Doc. 63-1, ¶ 30). With respect to the proprietary software, Ms. Pritchard alleges that the government had

"a full government-purpose-rights license . . . by operation of law." (Doc. 63-1, ¶¶ 35, 53).

Ms. Pritchard alleges that, after RCSTS performed the seven R&D contracts, the government began the process of soliciting bids for TBOS production, in accordance with the government's multi-phase "TBOS acquisition strategy." (Doc. 63-1, ¶¶ 10, 12, 38). During this process, according to Ms. Pritchard, United States Army contracting officer Richard King and RCSTS employee Chris Gloe falsely represented to the government that the government lacked the "complete technical data package" necessary to solicit competitive bids for the production of TBOSes. (Doc. 63-1, ¶¶ 68, 71, 72). As a result, Ms. Pritchard alleges, the government awarded production contracts to RCSTS that the government otherwise would have awarded to one or more small businesses and ultimately abandoned the TBOS project altogether. (Doc. 63-1, ¶¶ 80–82, 153).

These allegations are sufficient to place RCSTS on notice of the precise misconduct with which it has been charged and to give RCSTS "a fair opportunity to mount a defense." *Atkins*, 470 F.3d at 1359. Whether the R&D contracts in fact granted the government rights to "everything needed . . . to acquire production units through a competitive bid process," whether Mr. King and Mr. Gloe made false representations to the government concerning the government's ability to offer TBOS production contracts to businesses other than RCSTS, and whether the

government awarded production contracts to RCSTS as a result of Mr. King and Mr. Gloe's alleged false representations are questions of fact to be resolved at a later stage of the litigation.

Accordingly, the Court **GRANTS** Ms. Pritchard's motion for leave to file a second amended complaint (Doc. 63) and finds that Ms. Pritchard's proposed second amended complaint (Doc. 63-1) states a plausible and sufficiently particular claim for relief under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).[1] The Court **DIRECTS** Ms. Pritchard to file her proposed second amended complaint as her second amended complaint.

**DONE** and **ORDERED** this April 27, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

[1] Because the Court finds that Ms. Pritchard's proposed second amended complaint states a plausible claim for relief, the Court will not entertain another motion to dismiss. RCSTS may contest Ms. Pritchard's allegations at summary judgment.